IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| -vs- | ) ) | No. _____CR-22-523-G_____ |
| NAQUIB U. HATAMI, | ) ) | Violation: 18 U.S.C. § 1014 |
| Defendant. | ) ) | |

## INFORMATION

The United States Attorney charges:

### Introduction

At all times relevant to this Information:

1. M.S. was the President and partial owner of Blocksmith Group Inc. (BGI), a Delaware corporation. Despite her title, M.S. had little to no actual role in operating BGI.

2. **NAQUIB U. HATAMI** was also a partial owner of BGI, the Chief Technology Officer, and the primary operator.

### The Paycheck Protection Program

3. The Paycheck Protection Program ("PPP") was a COVID-19 pandemic relief program administered by the U.S. Small Business Administration ("SBA") that provided forgivable loans to small businesses for job retention and certain other expenses. The PPP permitted participating third-party lenders to approve and disburse SBA-backed PPP loans to cover payroll, fixed debts, utilities, rent/mortgage, accounts payable and other bills

incurred by qualifying businesses during, and resulting from, the COVID-19 pandemic. PPP loans were fully guaranteed by the SBA.

4. To obtain a PPP loan, a qualifying business was required to submit a PPP Borrower Application Form (Form 2483), which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications to be eligible to obtain a PPP loan. In the PPP loan application, the small business was required to state, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation showing their payroll expenses.

5. A PPP loan application was processed by an SBA participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies, which were guaranteed by the SBA.

6. PPP loan proceeds were required to be used on certain permissible expenses, including payroll costs, mortgage interest, rent, and utilities. Under the applicable PPP rules and guidance, the interest and principal on the PPP loan was eligible for forgiveness if the business spent the loan proceeds on these permissible expense items within a designated time period and used a certain portion of the loan towards payroll expenses.

7. Stride Bank, N.A. ("Stride Bank") was headquartered in Enid, Oklahoma. Stride Bank was a third-party participating lender in the PPP and a federally insured financial institution as defined by 18 U.S.C. § 20.

## COUNT 1
**(False Statement to a Financial Institution)**

8. The United States Attorney incorporates paragraphs 1 through 7 by reference.

9. On or about May 20, 2020, **NAQUIB U. HATAMI** instructed M.S. to initial and sign a PPP loan application as the authorized representative of BGI, which she did. The PPP loan application falsely stated that BGI had nine employees and an average monthly payroll of $64,192.

10. On or about May 20, 2020, **NAQUIB U. HATAMI** caused the signed PPP loan application to be submitted to Stride Bank for approval.

11. On or about May 20, 2020, in the Western District of Oklahoma and elsewhere,

-------------------------------------- **NAQUIB U. HATAMI** --------------------------------------

knowingly made false statements to Stride Bank, a financial institution, the deposits of which were insured by the FDIC, for the purpose of influencing Stride Bank to approve a PPP loan in the amount of $160,480. Specifically, **NAQUIB U. HATAMI** represented that BGI's average monthly payroll was $64,192 and that the company had nine employees, when in truth and in fact, as the **NAQUIB U. HATAMI** well knew, that information was false.

All in violation of Title 18, United States Code, Section 1014.

ROBERT J. TROESTER
United States Attorney

*[signature]*

BOW BOTTOMLY
Assistant United States Attorney

4